FILED
2025 May-19  PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| TRACI JONES, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JEFFERSON COUNTY BOARD OF EDUCATION, *et al.*,<br><br>   *Defendants*. | Civil Case No. 2:19-cv-01821-MHH |

## JOINT REPORT ON SECTION 3(C) SUBMISSION

In response to this Court's May 12, 2025 order, the Parties respectfully submit this joint status report on Plaintiffs' request for preclearance review under Section 3(c) of the Voting Rights Act of the 2024 voter purge implemented by Defendant Jefferson County Probate Judge.

The Parties jointly report that Defendants, Jefferson County Probate Judge and the Board of Education, have done everything within their power and authority to comply with the Court's orders in this case and have ensured compliance by others who are not under their direct authority. The Probate Judge restored the relevant voters to active status ahead of the November 2024 school board elections. The

Parties also report that the Probate Judge is not currently relying on the 2024 purge process to identify voters for placement on the inactive list, nor any other purpose.

**Plaintiffs:**

Plaintiffs understand that the Probate Judge[1] is no longer implementing the 2024 voter purge process. Nonetheless, Plaintiffs respectfully urge the Court to render a declaratory judgment denying preclearance to the Probate Judge's implementation of the 2024 voter purge process. Docs. 118, 119. Absent this Court's ruling, Defendants have made (and will otherwise be expected to make) changes to the list of active voters and future voter purge processes developed by the Secretary of State without the benefit of this Court's guidance on the legality of the prior process under Section 3(c).

Although the Secretary has abandoned the specific 2024 purge process, the Secretary does intend to develop a new process whereby he will again direct probate judges to deactivate voters based on data about citizenship status. *See* Joint Mot. to Stay, No. 2:24-cv-01254-AMM, Doc. 96 (Dec. 23, 2024) ("[T]he Secretary's office intends to implement a different, as yet undesigned, process in 2025. It is reasonably likely that, in designing the new process, the Secretary's office will consider which data sources to rely upon and the currency of data, among other things.").

---

[1] The Honorable Yashiba Glenn Blanchard was elected as the Probate Judge of on November 5, 2024. Because Plaintiffs sued the Probate Judge in her official capacity, she is automatically substituted as a party. Fed. Rule Civ. Pro. 25(d).

Because the Secretary has "not disavowed the [challenged] practice," nor has the Probate Judge disavowed his intent to comply with the Secretary's directives, this preclearance case is not moot. *See Morse v. Republican Party of Va.*, 517 U.S. 186, 235 n.48 (1996) (holding that a preclearance case was not moot where a party had stopped using a challenged practice but continued to defend its necessity). The mere cessation of unlawful conduct does not render a case moot. *See Gilmore v. Greene Cnty. Democratic Party Exec. Comm.*, 435 F.2d 487, 489 (5th Cir. 1970); *United States v. McLeod*, 385 F.2d 734, 752-53 (5th Cir. 1967). Rather voting cases remain live so long as a dispute is "capable of repetition, yet evading review." *Morse*, 517 U.S. at 235 n.48 (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 784 n.3 (1996)).

Importantly, in the event the Secretary directs the Probate Judge to implement a new purge process, this Court's decision about the legality of the 2024 purge process will determine the baseline for future preclearance review of new purges. *See Reno v. Bossier Parish Sch. Bd.*, 528 U.S. 320, 327-28 (2000) (holding that a preclearance action was not moot even though voting plan at issue would not be used in any future elections because a ruling on the old plan would set a baseline for later preclearance reviews). This is because, "[i]n order to determine whether an election practice constitutes a 'change'" the Court must "compare the practice with the covered jurisdiction's 'baseline.'" *Riley v. Kennedy*, 553 U.S. 406, 421 (2008). Thus, a declaratory judgement determining the legality of the 2024 purge process will

3

decide the Parties' baseline for evaluating any future purge processes subject to preclearance review.[2] *See Reno*, 528 U.S. at 327-28 (explaining that a preclearance case does not become moot if the court can grant even a "partial remedy" of declaratory relief); *Sanders v. Dooly Cty*, 245 F.3d 1289, 1291-92 (11th Cir 2001).

In contrast, the claims of the plaintiffs in *ACIJ v. Allen*, No. 2:24-cv-01254, and *United States v. Alabama*, No. 2:24-cv-01329, alleged that the 2024 process violated the 90-Day provision of the National Voter Registration Act (NVRA), which prohibits states from implementing systematic voter purges within 90-days of an election. 52 U.S.C. § 20507(c)(2). Because the November 2024 election is over and the 2024 purge and related processes are over, the claims in those cases are moot. Unlike the 90-Day Provision challenges under the NVRA, the Section 3(c) order in this case requires Defendants to continue to seek preclearance for programs that led to even minor changes to Defendants' list of eligible voter. *See Young v. Fordice*, 520 U.S. 273, 284 (1997) ("minor, as well as major, changes require preclearance"). The voluntary dismissal without prejudice of two NVRA cases, therefore, does not warrant this Court to abstain from ruling on the Section 3(c) preclearance issue here.

Thus, Plaintiffs respectfully request this Court to render a decision that denies Section 3(c) preclearance to Defendants' implementation of the 2024 purge process.

---

[2] For example, if the Court declares the 2024 purge process lawful, then the 2024 process will be the baseline for the Court's evaluation of the discriminatory effect of any future purges. If the Court declares the 2024 process unlawful, then that process will not serve as the baseline going forward.

**<u>Defendant Probate Judge:</u>**

The Jefferson County Probate Judge takes no position on whether the relief

Plaintiffs request should be granted.

**<u>Defendant Board of Education:</u>**

The Jefferson County Board of Education takes no position on whether the

relief Plaintiffs request should be granted.  The Board was not involved in the 2024

voter purge process or the determination of who was eligible to vote in Board

member elections.


Respectfully submitted on May 19, 2025,

<u>/s/ Deuel Ross</u>
Deuel Ross*                          Sidney M. Jackson (ASB-1462-K40W)
NAACP LEGAL DEFENSE                   WIGGINS CHILDS
 & EDUCATIONAL FUND, INC.             PANTAZIS FISHER & GOLDFARB,
700 14th Street NW, Suite 600         LLC
Washington, DC 20009                  301 19th Street North
(202) 249-2170                        Birmingham, AL 35203
dross@naacpldf.org

<u>/s/ Kathryn Sadasivan</u>
Kathryn Sadasivan (ASB-517-E48T)
NAACP LEGAL DEFENSE
 & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200                        *Attorneys for Plaintiffs*
ksadasivan@naacpldf.org               *\* Admitted Pro Hac Vice*

5

/s/ Whit Colvin
Bishop Colvin, LLC
1910 First Avenue North
Birmingham, AL 35203
Phone:        (205) 251-2881
Fax:          (205) 224-4195
Email:        wcolvin@bishopcolbin.com

*Attorney for the Jefferson County Board of Education*

/s/ Donald McKinley Carroll
Donald McKinley Carroll, ASB-8575-A61C
Office of the Jefferson County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
Phone:        (205) 325-5688
Fax:          (205) 325-5840
Email:        carrolld@jccal.org

/s/ T. A. Lawson, II
T. A. Lawson, II, ASB-3840-L72T
County Attorney
Office of the Jefferson County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
Phone:        (205) 325-5688
Fax:          (205) 325-5840
Email:        lawsont@jccal.org

*Attorneys for the Jefferson County Probate Judge*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2025, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Alabama using the CM/ECF system thereby serving all counsel of record.

/s/   *Deuel Ross*

Deuel Ross